JORDAN MARSH CO. *v.* UNITED STATES

No. 4395.—

Entered at Boston, Mass., January 2, 1935, December 18, 1934.
Entry Nos. 6400, 6314.

(Decided September 26, 1938)

*Barnes, Richardson & Colburn* (*Samuel M. Richardson* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard F. Weeks,* special attorney), for the defendant.

TILSON, Judge: The merchandise in these two appeals consists of wool hooked rugs imported into the United States from Dairen, Kwantung. The rugs in reappraisement 111856–A were invoiced and entered at 0.63 yen per square foot. They were appraised at 0.70 yen per square foot for the rugs up to size 4 feet by 7 feet, and the rugs larger than 4 feet by 7 feet were appraised at 0.73 yen per square foot, plus packing. In reappraisement 112839–A the rugs were entered under duress to meet advances made by the appraiser in the first case, and were appraised as entered.

It appears from the record that all these rugs were appraised on the basis of export value from Japan. The plaintiff contends that Dairen is not any part of Japan and that the rugs never entered the commerce of Japan, and that therefore the appraisement of these rugs on the basis of a value for such or similar merchandise exported from Japan was erroneous. Plaintiff further contends that the entered values in reappraisement 111856–A, and the entered values less additions made by the importer in reappraisement 112839–A are the proper dutiable values of this merchandise.

I find from the record that Dairen is no part of Japan, and also that this merchandise never entered the commerce of Japan, and that, therefore, the appraiser erred in taking the value of such or similar merchandise in Japan as the basis for his appraisement. *United States* v. *Meadows Wye & Co., Inc.,* T. D. 41622, affirmed in 14 Ct. Cust. Appls. 488.

I further find from the weight of the evidence that the proper dutiable export values of the merchandise covered by these appeals are 0.63 yen per square foot, plus bales and packing. To this extent the appeals are sustained. Judgment will be rendered accordingly.